United States District Court
Southern District of Texas
FILED

MAR 3 0 2005

Michael N. Milby
Clerk of Court

B-04-074

In the United States District Court for the Southern District of Texas, Brownsville Division

In the matter of the Interest of Sally Cuellar in the following realty:
Lot1, block 23, Rancho Grande South Subdivision, Section VII, Cameron County, Texas, according to map or plat thereof recorded B-03-707-S1
in Cabinet 1, Page1685-A,1685-B, and 1686-A, of the Map Records of Cameron County, Texas (In rem forfeiture proceeding)

**Third Party Petition of Wife re Community Homestead**

Sally Cuellar, by her counsel Noe Robles and Larry Warner, files this third party petition re the community homestead of her and her husband, Luis Angel Cuellar, pursuant to 21 U.S.C.853(n) & 21 U.S.C.853(n)(2), petitioning the District Court for a hearing to adjudicate the validity of her interest in the property made the subject of this proceeding, as follows:

1. The parties are the United States and Sally Cuellar. The subject matter is the realty noted in the caption and particularly referenced below in paragraph 4 of this Response and Petition.

2. This is an ancillary proceeding to B-03-707-S1, **United States of America v. Luis Angel Cuellar**; the District Court has discretion to take judicial notice of other proceedings. **Deal v. Hamilton County Bd. of Educ.**,392 F.3d 840(6th Cir.2004);

1

FED.R.EVID.201


3. The District Court should allow an extension of  time to file a paragraph-by-paragraph response, because the government has not served Sally Cuellar with a copy of its petition, even though the government knows her address. The Court may take judicial notice of the notices of the forfeiture of her personalty; those proceedings took place in this Court. The notices of forfeiture of her personal property are part of Civil Action B:04-74, **U.S.A.v. $6,300 U.S.Currency et al**.

4. "The relevant sections re notice provide:

(n) Third party interests

(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days

2

of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury."21 USC 853(n)

5.    The only notice Sally Cuellar has of this proceeding is that someone told a friend of hers that there was a notice in the newspaper about her property. The Court should defer requiring Sally Cuellar to file a particularized paragraph answer until the government has provided her with proper notice and a copy of its petition.

A copy of the notice, showing that the government had Sally Cuellar's address, is attached as exhibit A.

6. Nevertheless, Sally Cuellar particularly avers that she is married to Luis Angel Cuellar, that the realty made the subject of this proceeding, Lot 1, block 23, Rancho Grande South Subdivision, Section VII,Cameron County, Texas, according to map or plat thereof recorded in Cabinet 1, Page1685-A,1685-B,and 1686-A, of the Map Records of Cameron County, Texas, is the community homestead of Luis Angel Cuellar and herself, Sally Cuellar, and their three minor children, including one newborn and one blind child. She asks that the District Court take judicial notice that she was not a party to any criminal forfeiture proceeding. FED.R.EVID.201 A District Court may take judicial notice of its own records even

3

from an unrelated case. **Cardiner v. Provident Life & Acc. Ins. Co.,**158 F.Supp.2d 1088, 1098-1099 hn1-2(C.D.Cal.2001)

7. The District Court should conduct a bench trial to determine the extent of the homestead interest of the spouse when there is a pending foreclosure in federal court. **Benchmark Bank v. Crowder,** 919 S.W.2d 657,662(Tex.1996) In Crowder the Court noted:

"When a homestead is subject to foreclosure of a federal tax lien on an indebtedness owed by a taxpayer, the taxpayer's spouse, who does not owe any of that indebtedness, has a separate homestead interest and must be compensated for the loss of the homestead estate." **Benchmark Bank v. Crowder,** 919 S.W.2d 657,662(Tex.1996)

8. One may not be deprived of property without due process of law. U.S.CONST.,amend.V That part of the Bill of Rights provides: "No person shall be...deprived of...property, without due process of law." U.S.CONST.,amend.V Sally Cuellar was not party to any forfeiture proceeding, civil or criminal.

9. There is no longer a federal common law. **Erie R. Co. v Tompkins,**304 U.S.64(1938) Realty law is determined by the law of the state in which the real property is located. **Nordlinger v. Hahn,**505 U.S.1,21(1992)[Thomas,J.,concurring); **Louisville Joint Stock Land Bank v. Radford,** 295 U.S.555,587(1935) A community tenant is like a tenant in common, entitled to possess the entirety of the realty. **Scott v. Scott,**805 S.W.2d 835(Tex.App.-Waco

4

1991,writ denied)

10. Sally Cuellar is indigent. She is a single mother receiving SSI with no job and a husband in the penitentiary. She has no money, credit, or property, other than her homestead. Her lawyers are pro bono publico. The court should waive costs. Counsel will promptly supplement this averment with an affidavit from Sally Cuellar.

Respectfully submitted
March 30, 2005

By:

Larry Warner, Attorney at Law
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar # 2871500/USDC,SDTX 1230
Pro Bono Publico Counsel

Noe Robles
Attorney at Law
1222 W. Harrison St., Ste.A
Harlingen, Texas 78550
Additional Counsel

5

In the United States District Court for the Southern District of Texas, Brownsville Division

In the matter of the Interest of Sally Cuellar in the following realty:

Lot1, block 23, Rancho Grande South Subdivision, Section VII, Cameron County, Texas, according to map or plat thereof recorded B-03-707-S1

in Cabinet 1, Page1685-A,1685-B, and 1686-A, of the Map Records of Cameron County, Texas (In rem forfeiture proceeding)

### CERTIFICATE OF SERVICE

I certify that I faxed a copy of **Third Party Petition of Wife re Community Homestead** to Mr. Ratliff at (713) 718 3300 on March 9, 2005.

RESPECTFULLY SUBMITTED,

March 30, 2005

By:

LARRY WARNER, ATTORNEY AT LAW
777 E. HARRISON STREET, 2ND FLOOR
BROWNSVILLE, TEXAS 78520
TEL# (956)542-4784/FAX# (956)544-5234
STATE BAR #20871500/USDC,SDTX 1230
Pro Bono Publico Counsel

6